Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
LINDA SMITH

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LINDA SMITH,<br><br>              Plaintiff,<br><br>      vs.<br><br>GENESIS FS CARD SERVICES INC.,<br><br><br>              Defendant, | Case No.: **'22CV144  BAS BLM**<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. LINDA SMITH, A/K/A LINDA CHAVERS-SMITH (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against GENESIS FS CARD SERVICES INC. (hereinafter referred to as "Genesis" or "Defendant"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or

Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.*, ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1]  Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an

---

[1] CA Civil Code §§ 1788.1(a)-(b)

invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also, *Mims,* 132 S. Ct., at 744.

5.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6.  Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made and based upon personal knowledge.

### JURISDICTION AND VENUE

7.  This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

8.  This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9.  The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. On information and belief, Defendant Genesis is, and at all times mentioned herein was, an Oregon corporation with its principal place of business in Beaverton, OR and doing business throughout the country, including this District.

15. Defendant Genesis regularly attempts to collect using mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

16. When individuals owe Defendant Genesis debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Defendant Genesis collects on those consumer debts owed to it through the mail, electronic communication, and telephone.  Therefore, Defendant Genesis is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

17. Defendant is, and all times mentioned herein, was a corporation and "person," as defined by 47 U.S.C. § 153(39).

18. When individuals owe Genesis debts for regular monthly payments on consumer

loans and credit cards, and other similar obligations, Genesis collects on those consumer debts owed to them using the mail, electronic communication, and the telephone.  Therefore, Genesis is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

20. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

21. Defendant is, and all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

22. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction."  Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

23. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

24. Prior to 2018, Plaintiff was issued a Milestone Mastercard consumer credit card by Defendant Genesis ("Genesis Card").  The Genesis Card was issued, serviced, and collected upon by Defendant Genesis.

25. Plaintiff made payments toward the Genesis Card when she took it out, and

maintained good standing until approximately September of 2021, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

26. Upon going into default on the Genesis Card account, agents for Genesis called Plaintiff multiple times and requested payment using an ATDS and/or a prerecorded voice and/or automated voice, often as much as three (3) times per day, almost every single day.

27. The collection calls were made to Plaintiff's cellular telephone.

28. Plaintiff sought out and retained an attorney to represent her with regards to the Genesis Card debt.

29. On November 11, 2021, an associate attorney at BLC Law Center, APC drafted and mailed a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her via the use of an ATDS, that Plaintiff had retained Counsel, and that Genesis needed to cease calling Plaintiff pursuant to the RFDCPA ("November 11, 2021 letter"). Said letter referenced the last four digits of Plaintiff's social security number next to her name to help Genesis identify the Plaintiff's account.

30. The November 11, 2021 letter clearly informed Genesis that Plaintiff was represented by Counsel, thus said letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the November 11, 2021 Letter explicitly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

31. Despite Defendant the November 11, 2021, C&D letter, Defendant continued to willfully call Plaintiff's cellular telephone and request payments using an ATDS

and/or a prerecorded voice and/or automated voice, often as many as three (3) times per day, almost every single day.

32. On December 7, 2021, an associate attorney at BLC Law Center, APC drafted and mailed a second Cease-and-Desist letter, whereby Plaintiff's Attorney stated once again in writing that Plaintiff was revoking consent to call her via the use of an ATDS, that Plaintiff had retained Counsel, and that Genesis needed to cease calling Plaintiff pursuant to the RFDCPA ("December 7, 2021 letter").  Said letter referenced the last four digits of Plaintiff's social security number next to her name to help Genesis identify the Plaintiff's account.

33. Despite receipt of both the November 11, 2021 and December 7, 2021 dated letters, representatives of Genesis have continued to call Plaintiff in excess of one-hundred (100) times since November 11, 2021 on her cellular telephone via the use of and ATDS and/or prerecorded voice messages and/or automated voices.

34. Defendant has called Plaintiff over one-hundred (100) times in total, after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or prerecorded voice and/or automated voice, had retained Counsel for any debts owed to Genesis, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

35. Genesis continues to call Plaintiff to date, often multiple times per day in rapid succession, which is indicative of a computerized ATDS.

36. Genesis, or its agents or representatives, have contacted Plaintiff on her cellular telephone over one-hundred (100) times since November 11, 2021, including through the use of an ATDS and/or prerecorded voice and/or automated voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

37. Many of the Defendant's calls to Plaintiff after receiving the letter contained an

"artificial" or "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

38. The multiple calls made by Defendant or its agents after November 11, 2021, were therefore made in violation of 47 U.S.C. § 227(b)(1).

39. Despite receipt of both of Plaintiff's Attorney's letters sent to Defendant's mailing address which explicitly stated that Defendant must cease all direct contact with Plaintiff's, including via her cellular telephone, and via the use of an ATDS and/or prerecorded voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call her cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant Genesis continues to contact Plaintiff repeatedly to date.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

### Violations of California Rosenthal Fair Debt Collection Practices Act

### (California Civil Code § 1788.14(c))

40. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

41. When Plaintiff's Counsel sent the November 11, 2021, cease-and-desist letter to Genesis, Defendant Genesis was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

42. Similarly, when Plaintiff's Counsel sent the second cease-and-desist letter on December 7, 2021 to Genesis, Defendant Genesis was again aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

43. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's

- 8 -

attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

44. By calling Plaintiff on her cellular phone over one-hundred (100) times after receipt of the November 11, 2021 letter from Plaintiff's Counsel, Genesis violated Cal. Civ. Code §1788.14(c).

45. As a result of the constant collection calls by Genesis, Plaintiff has experienced anxiety and irritability, as the harassing collection calls by Genesis are overwhelming.  Therefore, Plaintiff has suffered actual damages as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

46. Further, as stated previously, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

47. 15 U.S.C. § 1692d(5) provides in pertinent part,

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

48. Therefore, Defendant's acts of calling Plaintiff over one-hundred (100) times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

## II.

## SECOND CAUSE OF ACTION

### Negligent Violations of the TCPA

**(47 U.S.C. § 227 *et. seq.*)**

49. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

50. Through both the letters dated November 11, 2021 and December 7, 2021, Plaintiff revoked any alleged consent for Genesis or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or prerecorded voice and/or artificial voice.

51. The foregoing acts and omissions of Genesis constitutes numerous and multiple negligent violation of the TCPA, including but not limited to a violation of 47 U.S.C. § 227(b)(1)(A)(iii).

52. As a result of Genesis's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).


## III.

## THIRD CAUSE OF ACTION

### Knowing and/or Willful Violations of the TCPA

**(47 U.S.C. § 227 *et. seq.*)**

54. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

55. Through both the letters dated November 11, 2021 and December 7, 2021, sent by Plaintiff's Counsel to Genesis, Plaintiff revoked any alleged consent for the Genesis or its agents or representatives to call Plaintiff on her cellular telephone

via the use of an ATDS and/or prerecorded voice.

56. The foregoing acts of the Genesis constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to violations of 47 U.S.C. § 227(b)(1)(A)(iii).

57. Therefore, since Genesis or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or prerecorded voice, Genesis's acts were willful.

58. As a result of Genesis' knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for each and every one of Genesis's over one-hundred (100) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant Genesis herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47

1    U.S.C. § 227(b)(3)(B).

2  e.  As to the Second Cause of Action, injunctive relief prohibiting such conduct in the

3    future pursuant to 47 U.S.C. § 227(b)(3)(A);

4  f.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and

5    every one of Defendant's over one-hundred (100) knowing and/or willful

6    violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

7  g.  For such other and further relief as the Court may deem just and proper.

Dated: February 2, 2022          BLC Law Center, APC

*/s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
ahren.tiller@blc-sd.com

Attorney for Plaintiff
LINDA SMITH

## **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: February 2, 2022                    BLC Law Center, APC

*/s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
ahren.tiller@blc-sd.com

Attorney for Plaintiff
LINDA SMITH